REGAN, Judge.
Plaintiff, Louis J. Cook, Jr., the owner and operator of a Studebaker automobile, instituted this suit against the defendant, Frank Migliore, the owner and operator of a Chevrolet automobile, endeavoring to recover the sum of $220.93, representing damage incurred by his vehicle on August 23, 1954, at about 5 :15 P.M., as the result of an intersectional collision in Banks and South Scott Streets, in the City of New Orleans.
Defendant answered and denied that his negligence was the proximate cause of the accident and, in the alternative, pleaded the contributory negligence of the plaintiff.
From a judgment as prayed for, defendant has prosecuted this appeal.
The record reveals as usual two contradictory versions of the manner in which the accident occurred.
Banks Street is a thoroughfare having an ascending or riverbound and a descending or lakebound roadway separated by a neutral ground. South Scott Street is a paved “one way street” and extends from Tulane Avenue to Canal Street.
Plaintiff related that he was driving in the left lane of the lakebound roadway of Banks Street, moving about 25 or 30 miles per hour; when he was a short distance removed from South Scott Street he saw the defendant stop in South Scott Street where it intersects the riverbound roadway of Banks Street in obedience to a traffic sign. He then watched the defendant cross this roadway and enter the “neutral ground” area of Banks Street when he indicated the usual external manifestations of bringing his vehicle to a stop before entering the lakebound roadway of Banks Street; simultaneously and at the psychological moment, when plaintiff was satisfied that this roadway would remain clear and unobstructed, defendant drove in the path of his vehicle, causing the accident and resulting property damage to plaintiff’s automobile, which is the subject matter of this litigation.
Defendant testified that when his vehicle was in the neutral ground area of Banks Street he noticed plaintiff’s automobile approaching from his right about “a half block or so” removed from him. It was then that he decided to endeavor to cross the roadway. He then more pertinently related: “I thought I would go right on and then the first thing you know, somebody hit me in the back.”
The only question which was posed for both the trial court and our consideration is one of fact which the Judge below obviously resolved in favor of the plaintiff, and our examination of the record fails to disclose any error in his conclusion.
The accident occurred as the result of defendant leading the plaintiff to reasonably believe that he intended to stop in the “neutral ground” area of Banks Street; he changed his mind and decided to gamble on his ability to traverse the lakebound roadway at a moment when it was no longer within the realm of possibility for plaintiff to avoid the accident.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.